NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, California 92612
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: nathan@mclaw.org

*Attorneys for Chapter 7 Trustee, A. Cisneros*

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>TXD INTERNATIONAL USA, INC.,<br><br>       Debtor. | Case No. 6:21-bk-14189-SY<br><br>Chapter 7<br><br>**TRUSTEE'S MOTION TO APPROVE COMPROMISE OF CONTROVERSY; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF A. CISNEROS IN SUPPORT THEREOF**<br><br>[No hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)] |

Motion to Approve Compromise

**TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; DEBTOR; DEBTOR'S COUNSEL; AND OTHER INTERESTED PARTIES:**

A. Cisneros, the duly appointed and qualified chapter 7 Trustee ("Trustee") for the bankruptcy estate of TXD International USA, Inc.("Debtor"), hereby moves the Court for an order approving the following compromise of controversy with HH Associates U.S. Inc. d.b.a. HH Global ("HHG") (Trustee and HHG are collectively referred to herein as the "Parties"):

## I.

## STATEMENT OF FACTS

1.      Debtor's bankruptcy case was commenced on August 2, 2021, with the filing of a petition ("Petition") under Subchapter V of Chapter 11 of Title 11 of the United States Code.  *See* Docket Entry ("DE") 1.

2.      On August 4, 2021, Trustee was appointed as the Subchapter V Trustee of the Estate. *See* DE 4.

3.      On November 1, 2021, Debtor filed its Plan of Reorganization.  *See* DE 31.

4.      On April 7, 2022, Debtor filed its Amended Plan of Reorganization.  *See* DE 57.

5.      On May 19, 2022, Debtor filed its Second Amended Plan of Reorganization ("Plan"). *See* DE 66.

6.      On June 9, 2022, the Court entered an order confirming the Plan.  *See* DE 72.

7.      Trustee was the disbursing agent under the Plan.  *See* DE 66.

8.      Although Debtor made the first monthly payment required by the Plan, it failed to make any further payments thereafter.   *See* DE 94.

9.      On November 8, 2022, Debtor and Trustee stipulated to convert the case to Chapter 7. *See* DE 94.

10.      The Stipulation was approved on November 15, 2022 and the case was converted to Chapter 7 ("Conversion Date"). *See* DE 96.

11.      Following conversion of the case to Chapter 7, Trustee was appointed as the Chapter 7 trustee of the Estate, a capacity in which he continues to serve. *See* DE 98.

Motion to Approve Compromise

12.     On February 3, 2023, Trustee filed suit against HHG for turnover and unjust enrichment, whereby he seeks a judgment against HHG in the amount of approximately $309,272.11 ("Adversary Proceeding"). *See* DE 112.

13.     Trustee contends that, prior to the Petition Date, Debtor and HHG entered into an agreement, whereby Debtor agreed to provide, and HHG agreed to pay Debtor for, certain services, including, but not limited to, dye-sub and screen-printing services. *See* Exhibit "1" to the Declaration of A. Cisneros, filed concurrently herewith ("Declaration"), p. 2, ¶ K.

14.     Trustee contends that, pursuant to the Parties' agreement, between March 9, 2021 and November 7, 2022, Debtor provided, and timely invoiced HHG for, $309,272.11 in services, which were furnished at HHG's request. *See* Declaration, p. 2, ¶ L.

15.     Trustee contends that, as of the Conversion Date, Debtor was owed not less than $309,272.11 based on the services provided to HHG by Debtor. *See* Declaration, p. 2, ¶ M.

16.     On January 13, 2023, Trustee made a demand on HHG for payment of $309,272.11 by January 31, 2023. *See* Declaration, p. 2, ¶ N.

17.     Following the filing of the Adversary Proceeding, the Parties engaged in settlement discussions in an attempt to reach a settlement of the Estate's claims. *See* Declaration, p. 2, ¶ P.

18.     HHG contends that it did not owe the Demand Amount to the Debtor and does not owe the Demand Amount to the Estate. *See* Declaration, p. 2, ¶ Q.

19.     HHG further contends that it previously paid invoices included in the Demand Amount.

20.     HHG further contends that Debtor failed to submit invoices for services provided to HHG, failed to properly account for certain discounts that HHG was entitled to under the parties' agreement, and breached the parties' agreement by delivering materials of inferior quality and failing to timely deliver the materials ordered by HHG. *See* Declaration, p. 3, ¶ R.

21.     HHG further contends that Debtor's delivery of materials of inferior quality and failure to timely deliver the materials ordered by HHG required it to incur substantial costs in obtaining the needed materials from other sources. *See* Declaration, p. 3, ¶ S.

///

///

2

22.    HHG further contends that Trustee's complaint in the Adversary Proceeding fails to state a claim upon which relief can be granted against HHG.  Accordingly, on June 5, 2023, HHG timely filed a Motion to Dismiss the Adversary Proceeding, which is fully briefed and the hearing date on which has been continued to November 2, 2023. *See* Declaration, p. 3, ¶ T.

23.    The Parties desire to resolve all issues concerning the Adversary Proceeding without the delay and uncertainty of further legal proceedings and litigation.

### III.

### <u>SETTLEMENT BETWEEN THE PARTIES</u>

24.    The parties to the settlement are Trustee and HHG ("Parties").

25.    The Parties are desirous of resolving all issues regarding the Adversary Proceeding. Therefore, through counsel, they entered into negotiations and reached a Settlement Agreement ("Agreement").  *See* Declaration, Exhibit "1."

26.    The general terms of the Agreement are as follows:

    a.    The Agreement is subject to the approval of the Bankruptcy Court and is of no force or effect until it is approved by the Bankruptcy Court.

    b.    HHG shall pay $52,000 to the Bankruptcy Estate in full settlement of the Balanced Owed and in resolution of the Adversary Proceeding.

    c.    Trustee shall dismiss the Adversary Proceeding, with prejudice, withing five business days of HHG's payment of the $52,000 settlement amount and entry of a Bankruptcy Court order approving the Agreement.

    d.    The effective date of the Agreement will be the date of entry of an order approving it. However, because the Agreement has been executed by the Parties, HHG may not object to this Motion.

27.    Trustee believes that the settlement referenced in the Agreement is in the best interest of creditors and the Estate because it results in the Estate's receipt of $52,000 without the need for further litigation, which would include defending a motion to dismiss, propounding and responding to discovery, filing a dispositive motion and potentially opposing a dispositive motion, and trial, if the matter was not resolved by dispositive motion.  Moreover, it is HHG's position that it owes nothing to

the Estate.  Therefore, settlement will avoid the uncertainty and further expense of litigation and will likely result in a greater return to the Estate than continued litigation, in which it is possible that the Estate may not be successful.

　　　　**WHEREFORE**, Trustee respectfully requests that the Court enter an order approving the Agreement and granting Trustee such other relief as the Court deems just and proper.

Dated:  October 23, 2023　　　　　　　MALCOLM ♦ CISNEROS, A Law Corporation

　　　　　　　　　　　　　　　　　*/s/ Nathan F. Smith*
　　　　　　　　　　　　　　　　　NATHAN F. SMITH
　　　　　　　　　　　　　　　　　*Attorneys for Chapter 7 Trustee, A. Cisneros*

4

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### THE COURT HAS AUTHORITY TO APPROVAL THE COMPROMISE

Federal Rule of Bankruptcy Procedure 9019(a) provides:

> "On motion by Trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, Debtor and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct."

Accordingly, upon appropriate notice, the Court may approve a compromise or settlement.  In the instant case, the notice has been served on Debtor, Debtor's counsel, all parties requesting special notice, the Office of the United States Trustee, and on all creditors.

### II.

### TRUSTEE SHOULD BE PERMITTED TO ENTER
### INTO A COMPROMISE IF IT IS REASONABLE
### GIVEN THE PARTICULAR CIRCUMSTANCES OF THE CASE

**A.    The Purpose of a Compromise.**

The Ninth Circuit has stated that, "The purpose of a compromise agreement is to allow Trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Martin v. Caine (In re A&C Properties)* 784 F.2d 1377, 1380-81 (9th Cir. 1986) *cert. denied sub nom, Martin v. Robinson* 479 U.S. 854 (1986).  The Bankruptcy Court has great latitude in approving a compromise so long as it finds that the compromise is fair and equitable.  *Id* at 1382; *see also*, *Woodson v. Fireman's Fund Insurance Company (In re Woodson)* 839 F.2d 610, 620 (9th Cir. 1988) and *Burton v. Ulrich (In re Schmitt)* 215 B.R. 417, 421 (9th Cir. BAP 1997).

**B.    The Applicable Factors Governing Approval of a Compromise.**

The Ninth Circuit Court of Appeals and the Bankruptcy Appellate Panel for the Ninth Circuit have consistently held that a Bankruptcy Court must consider four factors in determining whether to approve a compromise:

///

///

5

Motion to Approve Compromise

(a)    The probability of success in the litigation;

(b)    The difficulties, if any, to be encountered in the matter of collection;

(c)    The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending to it; and

(d)    The paramount interest of the creditors and a proper deference to their reasonable views.

*In re A&C Properties, supra* at 1381; *In re Woodson, supra* at 620; *In re Schmitt, supra,* at 421.

### C.    Evaluation of the *A&C* Factors.

When evaluating the four *A&C Properties* factors, "courts need not rule upon disputed facts and questions of law, but rather only canvass the issues…A mini trial on the merits is not required." *Burton v Ulrich, supra,* at 423. If the court were required to do more than canvass the issue, there would be no point in compromising; the parties might as well go ahead and try the case." *Suter v. Goedert*, 396 B.R. 535, 548 (D. Nev. 2008).

### D.    Deference to a Trustee's Business Judgment.

While the court must make an independent determination, the judgment of the trustee deserves some deference. *In re West Pointe Properties, LP*, 249 B.R. 273, 281 (Bankr. E.D. Tenn. 2000). Moreover, each factor need not be treated in a vacuum; rather, the factors should be considered as a whole to determine whether the settlement compares favorably with the expected rewards of litigation." *Greif & Co. v. Shapiro (In re W. Funding Inc.)*, 550 B.R. 841, 851 (9th Cir. B.A.P 2016), *aff'd*, 705 F. App'x 600 (9th Cir. 2017). Accordingly, the Court generally gives deference to a trustee's business judgment and will approve a compromise that falls within the "range of reasonableness." *In re Pac. Gas & Elec. Co.*, 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004). The Second Circuit has defined "range of reasonableness" as "a range [that] recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir.1972).

### E.    The Burden of Persuasion.

Ultimately, "[t]he trustee, as the party proposing the compromise, has the burden of persuading the bankruptcy court that the compromise is fair and equitable and should be approved." *In re A & C Props.*, 784 F.2d at 1381; *In re Open Med. Inst., Inc.*, 639 B.R. 169, 180 (B.A.P. 9th Cir. 2022).

///

Motion to Approve Compromise

F.   **The *A&C* Factors Favor Approval of the Compromise.**

1.   **Probability of Success in the Litigation.**

Trustee filed the Adversary Proceeding on February 3, 2023 and HHG responded with a motion to dismiss.  Although Trustee contends that HHG owed Debtor approximately $309,000 as of the Petition Date, HHG contends that, in fact, nothing is owed because Debtor delivered substandard materials, failed to complete multiple orders, and failed to properly invoice for its work.  Although Trustee believes that he would prevail in connection with HHG's motion to dismiss and would likely succeed in establishing that there is an outstanding amount owed by HHG, it would be necessary to engage in discovery, file a dispositive motion, and, if the matter is not resolved by dispositive motion, proceed to trial.  It will also likely be necessary for Trustee to respond to discovery requests and potentially oppose a dispositive motion.  Moreover, the testimony of Debtor's principal, and his veracity, would be pivotal to the success or failure of Trustee's claims.  The attorney fees and costs that would be incurred in connection with litigation would be substantial and would have priority over unsecured claims. Therefore, in light of the $52,000 that HHG has agreed to pay, Trustee believes that settlement, rather than litigation, will result in a greater return to unsecured creditors.  *See* Declaration, ¶ 8.

2.   **Cost, Complexity, and Delay.**

If the settlement is not approved, it will be necessary for Trustee to proceed with the hearing on HHG's motion to dismiss, and, if it is denied, engage in discovery, file a dispositive motion, and, if the dispositive motion is not granted, proceed to trial.  It will also likely be necessary for Trustee to respond to discovery requests and potentially oppose a dispositive motion.  The foregoing would result in the Estate incurring significant attorney fees and costs, which would likely total between $30,000 to $50,000 and have priority over unsecured claims.  Therefore, in light of the $52,000 that HHG has agreed to pay, the cost, complexity, and delay occasioned by litigation strongly favor the settlement.  *See* Declaration, ¶ 8.

///

///

///

7

Motion to Approve Compromise

### 3.    The Difficulty of Collection.

If the Estate prevailed in the HHG AP, Trustee believes that the collection process would be relatively uncomplicated.  However, the Estate would incur additional administrative expenses in the interim, which would most likely reduce the amount paid to unsecured creditors.  Therefore, this factor favors settlement.  *See* Declaration, ¶ 8.

### 4.    The Interest of Creditors.

The final, but most significant, part of the analysis involves an evaluation of whether the proposed settlement is in the best interests of creditors.  *See In Re Flight Trans. Corp. Securities Litigation*, 730 F.2d 1128, 1135-36 (8th Cir. 1984).

Trustee believes that the settlement with HHG will result in a greater return to unsecured creditors than if he were to pursue litigation to recover what appears to be owed to the Estate.  As discussed *supra,* if the settlement is not approved and litigation proceeds, it will be necessary for Trustee to propound discovery, file a dispositive motion, and, if the dispositive motion is not granted, proceed to trial.  It will also likely be necessary for Trustee to respond to discovery requests and potentially oppose a dispositive motion.  Therefore, in light of the attorney's fees and costs that would be incurred in connection with litigation, which would have priority over unsecured claims, Trustee believes that settlement, rather than litigation, is in the best interest of creditors because it results in payment of $52,000 to the Estate.  *See* Declaration, ¶ 8.

### III.

### THE SETTLEMENT AGREEMENT HAS BEEN REACHED THROUGH THE EXERCISE OF TRUSTEE'S SOUND BUSINESS JUDGMENT

The compromise was reached as a result of arms-length negotiations between parties with no connection to one another.  Trustee, through his counsel, participated in negotiations with HHG, through its counsel.  Trustee believes that the settlement referenced in the Agreement is in the best interest of creditors and the Estate because it results in payment of $52,000 to the Estate and obviates the need for the Estate to incur administrative expenses in connection with litigation, which may reduce the eventual return to the Estate.  *See* Declaration, ¶ 8.

///

8

# IV.

## <u>CONCLUSION</u>

Based on the foregoing, Trustee respectfully requests that the Court grant this motion and authorize Trustee to settle and compromise the dispute with HHG, as outlined above, under the terms and conditions set forth in the Agreement.

Dated:  October 23, 2023                    MALCOLM ♦ CISNEROS, A Law Corporation

                                            */s/ Nathan F. Smith*
                                            NATHAN F. SMITH
                                            *Attorneys for Chapter 7 Trustee, A. Cisneros*

9

Motion to Approve Compromise

1

### DECLARATION OF A. CISNEROS

2        I, A. Cisneros, declare and state as follows:

3        1.       I am the duly appointed and acting Chapter 7 trustee for the bankruptcy estate of TXD

4   International USA, Inc. ("Debtor").   In this capacity, I have personal knowledge of the facts set forth

5   below based on my participation in the events in question or as a result of my review of the record, and,

6   if called upon to testify thereto, I could and would do so competently and truthfully.

7        2.       I am familiar with Debtor's bankruptcy proceeding and make this Declaration in support

8   of my Motion to Approve Compromise of Controversy pursuant to Federal Rule of Bankruptcy

9   Procedure 9019 ("Motion").   Unless otherwise noted, capitalized terms in this Declaration have the

10  meaning set forth in the Motion.   I have read and I am aware of the contents of the Motion and the

11  accompanying Memorandum of Points and Authorities.   The facts stated in the Motion and the

12  Memorandum of Points and Authorities are true and correct to the best of my knowledge.

13       3.       Through the Motion, I request approval of the Settlement Agreement ("Agreement")

14  between myself, as Trustee for Debtor's estate, and HH Associates U.S. Inc. d.b.a. HH Global ("HHG").

15  A true and correct copy of the Agreement is attached hereto as Exhibit "1."

16       4.       On January 13, 2023, through counsel, I circulated a demand to HHG for payment of

17  $309,272.11 in unpaid invoices based on Debtor's records.

18       5.       On February 3, 2023, following HHG's failure to respond to my demand, I filed suit

19  against it for turnover and unjust enrichment, whereby I seek a judgment in the amount of $309,272.11.

20       6.       HHG responded to the complaint with a motion to dismiss, which is currently set for

21  hearing on November 2, 2023 ("Adversary Proceeding").

22       7.       In the interest of settlement, and through counsel, I have engaged in settlement

23  discussions with HHG, and reached an agreement to resolve the Adversary Proceeding in exchange for

24  payment of $52,000 by HHG.

25       8.       If the settlement with HHG is not approved, and litigation proceeds, it would be

26  necessary for me to prevail in connection with HHG's motion to dismiss, propound discovery, file a

27  dispositive motion, and, if the motion is denied, proceed to trial.   Additionally, it may be necessary for

28  me to respond to discovery and oppose a dispositive motion by HHG.   Additionally, the testimony of

Motion to Approve Compromise

1  Debtor's principal, and his veracity, will be pivotal to the success or failure of the Estate's claims.

2  Therefore, I believe that the settlement referenced in the Agreement is in the best interest of creditors

3  and the Estate because the $52,000 that HHG has agreed to pay may result in a larger distribution to

4  unsecured creditors than if I proceeded with prosecution of the Adversary Proceeding.

5      I declare under penalty of perjury under the laws of the United States that the foregoing is true

6  and correct and that this declaration was executed on October 20, 2023 at Riverside, California.

7

8                                                          ARTURO M. CISNEROS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Motion to Approve Compromise

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: *2112 Business Center Drive, Irvine, CA 92612*

A true and correct copy of the foregoing document entitled (specify): ***TRUSTEE'S MOTION TO APPROVE COMPROMISE OF CONTROVERSY; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF A. CISNEROS IN SUPPORT THEREOF*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *October 26, 2023*, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**OFFICE OF U.S. TRUSTEE: United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov**
**TRUSTEE: Arturo Cisneros (TR)    amctrustee@mclaw.org, acisneros@iq7technology.com;**
**ecf.alert+Cisneros@titlexi.com**

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) *October 26, 2023*, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**JUDGE'S COPY: Scott H. Yun, 3420 Twelfth Street, Riverside CA 92501**
**DEBTOR: TXD International USA, Inc., 2336 S. Vineyard Ave., Ontario, CA 91761**
**NOTICE: Law Office of W. Derek May, 400 N Mountain Ave Ste 215B, Upland, CA 91786**
**NOTICE: HH Associates U.S. Inc, 203 N. LaSalle Street, Ste 1800, Chicago IL 60601**
**NOTICE: Timothy Wayne Brink, Meltzer Purtill & Stelle LLC, 125 S. Wacker Dr., Ste 2900, Chicago IL 60606-6704**

☐ Service information continued on attached page.

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| *October 26, 2023* | **Diep Quach** | */s/ Diep Quach* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**SECTION 1 CONT.**

NOTICE: Timothy Wayne Brink    tbrink@mpslaw.com, crampich@mpslaw.com
NOTICE: Arturo Cisneros    arturo@mclaw.org, CACD_ECF@mclaw.org
NOTICE: Abram Feuerstein    abram.s.feuerstein@usdoj.gov
NOTICE: Everett L Green    everett.l.green@usdoj.gov
NOTICE: Kirsten Martinez    Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
NOTICE: W. Derek May    wdmlaw17@gmail.com, r48266@notify.bestcase.com
NOTICE: Cameron C Ridley    Cameron.Ridley@usdoj.gov
NOTICE: Nathan F Smith    nathan@mclaw.org, CACD_ECF@mclaw.org; mcecfnotices@ecf.courtdrive.com;
cvalenzuela@mclaw.org
NOTICE: Richard L. Sturdevant    rich@bwlawcenter.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central
District of California.

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement"), by and between Arturo M. Cisneros ("Trustee"), Chapter 7 trustee of the bankruptcy estate ("Estate") of TXD International USA, Inc. ("Debtor"), United States Bankruptcy Court for the Central District of California, Riverside Division ("Bankruptcy Court") case number 6:21-bk-14189-SY ("Bankruptcy Case"), and HH Associates U.S. Inc. d.b.a. HH Global ("HHG") (Trustee and HHG are collectively referred to herein as the "Parties") is made with reference to the following facts:

## RECITALS OF FACT

A.     On August 2, 2021 ("Petition Date"), Debtor commenced the Bankruptcy Case by filing a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code.

B.     On August 4, 2021, Trustee was appointed as the Subchapter V Trustee of the Estate.

C.     On November 1, 2021, Debtor filed its Plan of Reorganization.

D.     On April 7, 2022, Debtor filed its Amended Plan of Reorganization.

E.     On May 19, 2022, Debtor filed its Second Amended Plan of Reorganization ("Plan").

F.     On June 9, 2022, the Court entered an order confirming the Plan.

G.     Trustee was the disbursing agent under the Plan.

H.     Although Debtor made the first monthly payment required by the Plan, it failed to make any further payments thereafter.

**Exhibit 1**

1

I.      On November 8, 2022, Debtor and Trustee stipulated to convert the case to Chapter 7. The Stipulation was approved on November 15, 2022 and the case was converted to Chapter 7 ("Conversion Date").

J.      Following conversion of the case to Chapter 7, Trustee was appointed as the Chapter 7 trustee of the Estate, a capacity in which he continues to serve.

K.      Trustee contends that, prior to the Petition Date, the Debtor and HHG entered into an agreement (the "Supply Agreement") whereby Debtor agreed to provide, and HHG agreed to pay Debtor for, certain services, including, but not limited to, dye-sub and screen printing services.

L.      Trustee further contends that, pursuant to the Supply Agreement, between March 9, 2021 and November 7, 2022, Debtor provided, and timely invoiced HHG for, $309,272.11 in services, which were furnished at HHG's request.

M.      Trustee further contends that, as of the Conversion Date, Debtor was owed not less than $309,272.11 based on the services provided to HHG by Debtor pursuant to the Supply Agreement.

N.      By letter dated January 13, 2023, Trustee made a demand on HHG for payment of $309,272.11 (the "Demand Amount").

O.      On February 3, 2023, Trustee commenced Adversary No. 6:23-ap-01016-SY ("Adversary Proceeding") against HHG seeking to recover the Demand Amount pursuant to claims for turnover under section 542 of the Bankruptcy Code and unjust enrichment.

P.      Following the filing of the Adversary Proceeding, the Parties engaged in settlement discussions in an attempt to reach a settlement of the Estate's claims.

Q.      HHG contends that it did not owe the Demand Amount to the Debtor and does not owe the Demand Amount to the Estate.

**Exhibit 1**

2

R.     HHG further contends that it previously paid invoices included in the Demand Amount.

S.     HHG further contends that Debtor failed to submit invoices for services provided to HHG, failed to properly account for certain discounts that HHG was entitled to under the parties' agreement, and breached the parties' agreement by delivering materials of inferior quality and failing to timely deliver the materials ordered by HHG.

T.     HHG further contends that Debtor's delivery of materials of inferior quality and failure to timely deliver the materials ordered by HHG required it to incur substantial costs in obtaining the needed materials from other sources.

U.     HHG further contends that Trustee's complaint in the Adversary Proceeding fails to state a claim upon which relief can be granted against HHG.  Accordingly, on June 5, 2023, HHG timely filed a Motion to Dismiss the Adversary Proceeding, which is fully-briefed and the hearing date on which has been continued to November 2, 2023.

V.     The Trustee analyzed and considered HHG's asserted defenses to his claims to recover the Demand Amount and as a result of arm's length negotiations the Parties have reached a resolution on the terms and conditions set forth below.

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby stipulated and agreed as follows:

## <u>AGREEMENT</u>

1.     <u>Recitals of Fact</u>. The Recitals of Fact set forth above are incorporated herein by reference The Recitals of Fact are an integral part of this Agreement and the Parties hereby agree that they are true for the purposes of this Agreement.

Exhibit 1

DocuSign Envelope ID: 6E9BF1D0-107B-4C4F-9DC8-05B231A55654

2.      _Settlement Payment_.  In full and final satisfaction of the Adversary Proceeding and all claims the Trustee may have to recover the Demand Amount and/or pursuant to the Supply Agreement, HHG agrees to pay the Trustee, on behalf of the Debtor's Estate, Fifty Two Thousand and 00/100 Dollars ($52,000) (the "Settlement Payment").  HHG shall make the Settlement Payment by company check made payable to "Arturo M. Cisneros, chapter 7 trustee of the bankruptcy estate of TXD International USA, Inc." or in accordance with wire transfer instructions provided by the Trustee.  The Settlement Payment shall be paid within five (5) business days of full execution of this Agreement.

3.      _Bankruptcy Court Approval_.  Promptly upon (but in no event later than ten (10) business days after) receipt of the Settlement Payment, the Trustee will file a motion with the Bankruptcy Court requesting approval of this Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Settlement Motion), which motion and accompanying proposed order shall be in form and substance acceptable to HHG.

4.      _Settlement Effective Date_.  This Agreement shall become effective on the date the Bankruptcy Court enters an order (the "Settlement Order") granting the Settlement Motion and approving this Agreement (the "Settlement Effective Date").  If the Settlement Motion is denied or the Settlement Order is not entered within thirty (30) days after the filing of the Settlement Motion, then this Agreement shall be null and void and of no force and effect, and the Trustee immediately shall return the Settlement Payment to or as instructed by HHG.

5.      _Dismissal of Adversary Proceeding with Prejudice_.  Promptly (but in no event later than five (5) business days) after the Settlement Effective Date, the Trustee will file a notice of dismissal dismissing the Adversary Proceeding with prejudice pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure (the "Notice of Dismissal"), which Notice of Dismissal shall be in

4

**Exhibit 1**

DocuSign Envelope ID: 6E9BF1D0-107B-4C4E-9DC8-05B231A55654

form and substance acceptable to HHG.

6.    <u>Release by Trustee on Behalf of Debtor and Debtor's Estate</u>.    Effective on the Settlement Effective Date, the Trustee, solely in his capacity as Trustee, and not in any individual or other capacity, on behalf of the Debtor and the Debtor's Estate, and the Debtor, shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged HHG, as well as its members, shareholders, partners, officers, directors, parents, subsidiaries, affiliates, employees, agents, attorneys, administrators, representatives, or successors or and assigns, in each case solely in such capacities, from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, that arise from or relate to the Demand Amount or the Supply Agreement; provided that the foregoing release shall not limit nor be deemed to limit the rights of the Trustee to enforce this Agreement in accordance with its terms.

7.    <u>Release by HHG</u>.    Effective on the Settlement Effective Date, HHG, for itself as well as its members, shareholders, partners, officers, directors, parents, subsidiaries, affiliates, employees, agents, attorneys, administrators, representatives, or successors or and assigns, in each case solely in such capacities, shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged the Trustee, solely in his capacity as Trustee and not in any individual or other capacity, on behalf of the Debtor and the Debtor's Estate, from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants,

Exhibit 1

Clients\34451\048\4857-3857-4211.v1-9/29/23

DocuSign Envelope ID: 6E9BF1D0-107B-4C4E-9DC8-0FB231A5E654

contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, that arise from or relate to the Demand Amount or the Supply Agreement; provided that the foregoing release shall not limit nor be deemed to limit the rights of HHG to enforce this Agreement in accordance with its terms

8.    Waiver of Section 502(h) Claim. Without limiting the generality of the foregoing paragraph 7, HHG waives the right to file or assert any claim against the Estate pursuant to section 502(h) of the Bankruptcy Code on account of the Settlement Payment.

9.    Non-Reliance. The Parties acknowledge and agree that they have relied solely upon their own judgment, belief and knowledge of the existence, nature and extent of each claim, demand, or cause of action that each Party may have against the other, and that each such Party has not been influenced to any extent in entering into this Agreement by any representation or statement regarding any such claim, demand, or cause of action made by any other Party hereto. Each Party also acknowledges that it has consulted with its attorney or has been given the opportunity to consult with an attorney prior to entering into this Agreement.

10.    Cooperation.    The Parties agree that they will take such additional steps as reasonably may be necessary to consummate this Agreement and accomplish the purposes thereof.

11.    Entire Agreement. This Agreement constitutes the entire agreement of the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions, and no representations, warranties, inducements or promises not included herein by express provision shall be binding on any Party hereto. This Agreement may not be altered, amended or modified except by written agreement signed by an authorized representative of each of the respective Parties.

# Exhibit 1

Clients\34451\048\4857-3857-4211.v1-9/29/23

DocuSign Envelope ID: 6E9BF1D0-107B-4C4F-9DC8-0FB231A55654

12.    <u>Counterparts</u>. This Agreement may be executed in any number of original, facsimile, copied or electronic counterparts, and all counterparts shall be considered together as one Agreement.  A faxed, copied or electronic counterpart shall have the same force and effect as an original signed counterpart.  Each of the Parties hereby expressly forever waives any and all rights to raise the use of a facsimile machine or email to deliver a signature, or the fact that any signature was transmitted or communicated through the use of a facsimile machine or email, as a defense to the formation of a contract.

13.    <u>Construction</u>. The Parties agree that each of them has had a full  opportunity to participate in the drafting of this Agreement and, therefore, this Agreement shall be interpreted and construed on the assumption that each Party participated equally in its drafting and any claimed ambiguity shall be interpreted and construed neither for or against any Party.

14.    <u>Successors and Assigns</u>.  This Agreement shall be binding upon and shall inure to the benefit of the Parties' respective and their heirs, executors, administrators, agents, legal representative, successors and assigns.

15.    <u>Governing Law</u>.  This Agreement is made pursuant to and shall be governed by and construed in accordance with the laws of the State of California.

16.    <u>Jurisdiction of the Bankruptcy Court</u>.  The Bankruptcy Court shall have exclusive jurisdiction to adjudicate any dispute arising under or relating to this Agreement.

17.    <u>Authority</u>.  Each of  the Parties represents that it (or, if the Party is not an individual, the person signing this Agreement on its behalf) is authorized to sign this Agreement.

18.    <u>Trustee's Capacity</u>. Trustee is signing this Agreement solely in his capacity as Chapter 7 Trustee of the Debtor's Estate.  Nothing contained herein shall in any way impute liability to Trustee personally or as a member of any professional organization, including but not

**Exhibit 1**

Clients\34451\048\4857-3857-4211.v1-9/29/23

DocuSign Envelope ID: 6E9BF1D0-107B-4C4E-9DC8-05B231A55654

limited to Malcolm ♦ Cisneros, A Law Corporation.

19.    <u>Time is of the Essence</u>. Time is of the essence in the performance of the Parties' obligations under this Agreement.

20.    <u>Survival of Representations</u>. The Parties agree that all representations made by them in this Agreement shall survive the execution of this Agreement.

21.    <u>Headings</u>.  Headings in this Agreement are for convenience or reference only and shall not limit or otherwise affect the meaning hereof.

[SIGNATURE PAGE TO FOLLOW]

Exhibit 1

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date(s) set forth below.

Date: October __5__, 2023

_____
Arturo M. Cisneros, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of TXD International USA, Inc.

Date: October 01 , 2023

DocuSigned by:

*kristian Elgey*
46A437D032394B1...

_____
HH Associates U.S. Inc., d/b/a HH Global

Name: __Kristian Elgey_____

Its: __Group President_____

**Exhibit 1**